recent decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), which upholds the right of a local board to refuse to consider a late claim (after induction notice is received) for classification as a conscientious objector. We have considered the other alleged procedural irregularities in the induction process and find no prejudicial error.

Judgment affirmed.[1]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roger D. BROWN et al., Defendants,**

and

**Joseph J. Rey, Defendant-Appellant.**

No. 31012

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 6, 1971.

Joseph J. Rey, in pro. per.

Seagal V. Wheatley, U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., Haskell Shelton, Asst. U. S. Atty., Tax Division, Washington, D. C., Meyer Rothwacks, Elmer J. Kelsey, Charles E. Anderson, Attys., Dept. of Justice, Tax Division, Washington, D. C., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Appellee,**

v.

**Ronald Dale TAGGART, Appellant.**

No. 26887.

United States Court of Appeals, Ninth Circuit.

April 27, 1971.

Rehearing Denied June 2, 1971.

---

1. Defendant's late application prevented the Selective Service officials from processing his claim for exemption. Since it is now clear under *Ehlert*, supra, that Army regulations will be construed to allow the processing of a conscientious objector claim after induction, the district court may desire to consider, upon appropriate motion, a review of the sentence for the purpose of determining whether in the interest of justice the defendant should be

placed on probation in order to afford him an opportunity to make arrangements to be inducted into the Army.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.